IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NICHOLAS EDWARDS** | : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 15-5615 |
| | : | |
| **SUPERINTENDENT MICHAEL OVERMYER,** *et al.* | : : | |

**McHUGH, J.**                                                                       **August 21, 2025**

### MEMORANDUM

This is a Motion for Relief from Judgment under Civil Rule 60(b) filed by Petitioner Nicholas Edwards, a state prisoner, arising out of his 2003 murder conviction. This is Petitioner's first motion for relief under Rule 60 following the denial of his habeas petition in 2018. I conclude that because the Motion is an unauthorized second or successive habeas petition over which this Court lacks jurisdiction, it must be dismissed.

**I.     Relevant Factual and Procedural History[1]**

On July 4, 2003, Petitioner pulled up alongside rival drug dealer Xavier Edmunds, fired two shots at him, and fled in his vehicle. Edmunds was transported to the hospital, where he was later pronounced dead. Two witnesses, Walter Stanton and Travis Hendrick, both of whom were previously acquainted with Edwards, observed the altercation. Both Stanton and Hendrick identified Edwards as the shooter in written statements to the police, and later testified as eyewitnesses at Petitioner's trial. Absent any physical evidence linking Edwards to the murder, Stanton and Hendrick's testimony and credibility were central to the prosecution. Following a

---

[1] The facts set forth in this background and procedural history were adopted from Petitioner's habeas petition and attachments thereto, ECF 1, the Report and Recommendation of Magistrate Judge Lynne A. Sitarski, ECF 29, and Petitioner's Rule 60 motion for relief and attachments thereto, ECF 41.

jury trial in 2005, Mr. Edwards was found guilty of first-degree murder, criminal conspiracy, possession of an instrument of crime, and carrying a firearm without a license. *Commonwealth v. Edwards*, No. CP-51-CR-1006311-2003 (Phila. Cnty. Com. Pl.). The Superior Court affirmed Petitioner's judgment of sentence on July 28, 2009, and the Pennsylvania Supreme Court denied Mr. Edwards' petition for allowance of appeal on February 5, 2010. *Commonwealth v. Edwards*, 981 A.2d 917 (Pa. Super. 2009); *Commonwealth v. Edwards*, 989 A.2d 7 (Pa. 2010).

> 1. *Initial Post Conviction Relief Act ("PCRA") Proceedings and Petition for Writ of Habeas Corpus*

Edwards' first PCRA petition was dismissed, a decision affirmed by the Pennsylvania Superior Court in March, 2015. *Commonwealth v. Edwards*, No. 1508 EDA 2014, 2015 WL 7433227 (Pa. Super. Mar. 2, 2015). The Pennsylvania Supreme Court denied Edwards' petition for allowance of appeal on July 29, 2015. *Commonwealth v. Edwards*, 119 A.3d 350 (Pa. 2015).

A few months later, Petitioner filed a *pro se* petition for writ of habeas corpus raising twenty-one claims for relief.[2] ECF 1. I adopted the well-reasoned Report and Recommendation of Magistrate Judge Sitarski, ECF 29, and denied the petition in its entirety, agreeing that all claims asserted were either meritless, non-cognizable, or procedurally defaulted. ECF 33. Petitioner appealed my decision denying habeas relief without a Certificate of Appealability, which the Third Circuit affirmed in March 2021. ECFs 34, 39.[3]

---

[2] As is marginally relevant here, Petitioner asserted in Counts 5 and 21 respectively that he was denied his right to effective assistance of counsel and that the Commonwealth had committed a *Brady* violation, both with regard to testimony from Officer Flanders at trial. The Report and Recommendation provided extensive analysis of these claims, recognizing that the trial court promptly issued a corrective instruction, and that the eyewitness implicated in the Officer's hearsay remark was thoroughly cross examined. Count 5 was dismissed as non-cognizable and procedurally defaulted, and Count 21 was dismissed as procedurally defaulted.

[3] In the interim, Petitioner filed a second PCRA petition in December 2015, which the PCRA court dismissed August 2016 and the Superior Court affirmed. *Commonwealth v. Edwards*, No. 2760 EDA 2016 (Pa. Super. 2017). The Pennsylvania Supreme Court denied Petitioner's request for allowance of appeal,

2. *Petitioner's 60(b) Motion*[4]

Petitioner avers that on July 19, 2024, while housed at SCI Huntingdon, he was called inside to see the Unit Manager Johnny Redfern, who gave him "a lot" of court documents that Petitioner had not previously seen in any discovery meetings or trial preparation sessions. Edwards identifies four specific documents from the crop that he characterizes as material "new evidence" that was suppressed by the Commonwealth, resulting in an unfair trial.

First, Petitioner attaches a "Rule to Show Cause," ordering eyewitness Stanton to attend a hearing evaluating whether he needed to be committed to ensure his appearance at trial due to his previous lack of cooperation. ECF 41 at 49.[5] This document was signed by the judge and docketed on April 1, 2005. *See Commonwealth v. Edwards*, CP-51-CR-1006311-2003 at 7. Second, Petitioner attaches a draft order, which, if signed and docketed by the Court, would have ordered eyewitness Stanton to be held in confinement with bail set at 3 million dollars to secure his trial appearance. ECF 41 at 50. Third, Petitioner includes an excerpt from an unidentified court document[6] explaining that Petitioner had previously attacked Stanton as a rival drug dealer, supporting a modus operandus – to protect his drug dealing operation – for the 2003 murder.

---

and the United States Supreme Court denied certiorari. *See Commonwealth v. Edwards*, 178 A.3d 735 (Pa. 2018); *Edwards v. Pennsylvania*, 586 U.S. 902 (2018). Edwards then filed a third PCRA petition in March 2022. The PCRA court dismissed the third petition in its entirety in June 2023, and the Superior Court affirmed its dismissal in July 2024. *Commonwealth v. Edwards*, 324 A.3d 1259 (Pa. Super. 2024), *appeal denied*, 337 A.3d 964 (Pa. 2025).

[4] I construe Petitioner's motion liberally. *See Workman v. Superintendent Albion SCI*, 915 F.3d 928, 941 (3d Cir. 2019) (quoting *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010)) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions."). While the gravamen of Petitioner's Motion focuses on the "new evidence" relating to Stanton, I address the miscellaneous arguments Edwards fleetingly raises in footnotes throughout this memorandum.

[5] Page numbers reflect pagination designated by the ECF system.

[6] Although Petitioner's photocopied excerpt obscures the source of the document, it appears to be a section from a Motion in *Limine* submitted by the prosecution.

Edwards maintains that these documents show that Stanton was "bribed" and "coerced" by the Commonwealth, undermining the credibility of his testimony. *Id.* at 52.

Fourth, Petitioner attaches an "Affidavit in Support of the Commonwealth's Motion to Have Andre Stanton Declared as a Material Witness," wherein paragraph three explains that Stanton is a recalcitrant witness who insisted that it was his brother, and not him, who was eyewitness to the murder in the case. *Id.* at 51. But the next sentence explains that the "Commonwealth has confirmed that his brother has been incarcerated for armed robbery in Georgia since 1998, and could not have witnessed a murder in Philadelphia on July 4, 2003." Edwards nevertheless argues that this document shows that Stanton was not an eyewitness at all.[7] *Id.* at 10.

Petitioner's 60(b) motion primarily asserts that he is entitled to relief from my August 2018 order dismissing his habeas petition due to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." He argues that because he did not personally see the four documents until July 2024, the integrity of the underlying habeas proceeding was compromised. And he avers that the four documents would critically undermine Stanton's credibility, raising reasonable doubt as to the outcome of his trial.

## II.     Standard of Review

Rule 60(b) allows the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for a number of reasons, including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial

---

[7] In circuitous fashion, Petitioner also includes a police report stating that Stanton was holding a beer at the crime scene, as well as several trial transcript excerpts, where Stanton was thoroughly questioned about whether he was intoxicated at the crime scene. Considering that this line of questioning was probed by both prosecution and defense counsel, I reject at the outset any inference that counsel was unaware of the police report, or that this document would hold any ability to sway the outcome of trial.

under Rule 59(b)" and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(2), (6). A Rule 60(b) motion is a "collateral attack on the first habeas judgment." *Blystone v. Horn*, 664 F.3d 397, 413 (3d Cir. 2011).

As a threshold matter, the Court must evaluate whether the Rule 60(b) Motion is actually an unauthorized "second or successive" habeas petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive. *Burton v. Stewart*, 549 U.S. 147, 149 (2007).

In *Gonzalez v. Crosby*, the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements, and thus unavailable to a state prisoner seeking habeas relief. 545 U.S. 524, 529 (2005). The Court explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Id.* at 530 (quoting § 2244(b)(1) and (2)). "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief . . . will of course qualify" as successive. *Id.* The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that

the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* Critically, when a petitioner proffers "newly discovered evidence" to be considered on the merits, "although labeled a Rule 60(b) motion, it is in substance a successive habeas petition and should be treated accordingly." *Id.*

In contrast, a "true" Rule 60(b) motion challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 232 and n.4.

### III. Discussion

The determinative question is whether Mr. Edwards' Rule 60(b) motion is a true 60(b) motion or, instead, a successive habeas petition.[8]

Mr. Edwards challenges the denial of his habeas petition in light of what he describes as "newly discovered evidence." Mr. Edwards asserts that on July 19, 2024, he was provided a box containing "a lot of court documents" that were "new to [him]."[9] ECF 41 at 31. He attributes his

---

[8] Petitioner also appends several trial transcript excerpts of the Government attorney's closing statement, where she focused on the validity and credibility of Hendricks' eyewitness identification, a subject of extensive cross examination at trial. Petitioner's argument that this closing argument ran afoul of *Napue* is unexhausted and clearly presents a new claim in the form of a second or successive habeas petition that must be rejected. *Napue v. Illinois*, 360 U.S. 264 (1959).

Additionally, Petitioner attaches the Affidavit of Probable Cause, which contains an inconsistency as to Hendrick's location at the time of the shooting by a few house numbers. Petitioner claims that he was deprived the opportunity to impeach Hendricks as a result of this "newly discovered evidence." But this claim fails, for the record shows that this exact discrepancy was subject to thorough questioning at trial, and the first habeas petition already considered and rejected this claim on this basis.

[9] Although it is unclear where the box came from or what its contents were, it seems that Petitioner sought to send a box of his legal court documents to his family for review, and that these documents were also sent to him at the prison via fax, which the Unit Manager summoned him to review. ECF 41 at 31-32. This

previous lack of awareness of the documents to suppression by the Commonwealth, and argues that their exclusion denied him a fair trial. But Petitioner provides no support for his allegations of concealment. There is no basis to believe that the four documents at issue, all of which are official court documents, orders, or affidavits, were unavailable to his trial counsel or excluded from his trial process. Nor does he show that he made any attempts to access his full file prior to initiating his first habeas petition, which would have allowed him to have raised these claims at an earlier juncture. I reject the premise that the records cited constitute "newly discovered evidence" because there is no basis to believe that the records he cites "could not have been previously discovered through the exercise of due diligence," nor to believe that Petitioner's trial counsel did not consider or rely upon them. *Williams v. Superintendent Mahanoy SCI*, 45 F.4th 713, 722 (3d Cir. 2022) (discussing 28 U.S.C. § 2254(e)(2)). Petitioner's personal unfamiliarity with the court records at issue does not, without more, support an inference of their suppression or prior unavailability.

In the absence of any newly discovered evidence, I construe the crux of Petitioner's motion as attacking the integrity of his underlying conviction and asserting a new *Brady* claim, rather than as attacking any procedural defect in the denial of his first habeas petition.[10] In arguing that the

---

supports an inference that "the box" was merely his comprehensive legal records, which he requested from the Commonwealth for distribution to his family.

[10] Petitioner also summarily states that he is entitled to relief under 60(b)(4), but does not specify why this Court's prior judgment is void. I construe Petitioner's motion primarily as one for relief under 60(b)(2) due to its almost exclusive focus on "new evidence."

To the extent that Petitioner argues that there has been a change in law under *Dennis v. Secretary, Pennsylvania Department of Corrections*, 834 F.3d 263 (3d Cir. 2016) and *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274 (2021) warranting relief under 60(b)(6), his claim fails. Petitioner's reliance on *Bracey* is misplaced. The petitioner in *Bracey* sought reconsideration of the district court's prior time-bar determination based on Circuit precedent that caused a change of law with respect to the calculation of the time-bar. In *Bracey*, the petitioner was not attempting to relitigate the merits of a previously rejected *Brady* claim, or attempting to present an entirely new *Brady* claim. Here, however, Petitioner attempts to relitigate his previously denied *Brady* claim, without asserting any plausible basis for its reconsideration.

"newly discovered" records would have cast reasonable doubt on eyewitness credibility, Petitioner functionally asserts a novel form of *Brady* claim, arguing that the underlying habeas petition also lacked integrity because Edwards was not yet aware of the records at the time of the proceeding. This is not an attack on the integrity of the underlying habeas proceeding, but is instead a successive habeas petition in disguise, resurrecting standard court documents that appear to have been part of the record throughout.[11]

Accordingly, Petitioner's 60(b) Motion is properly characterized as a successive habeas petition seeking to add new bases for habeas relief. *See Gonzalez*, 545 U.S. at 532-33. Because Petitioner has not received the necessary precertification from the Third Circuit to file such a petition, this Court lacks jurisdiction to entertain his claims. 28 U.S.C. § 2244(b)(3)(A); *Lesko v. Sec'y Pa. Dep't of Corr.*, 34 F.4th 211, 222 (3d. Cir. 2022).[12]

---

And where the records that Petitioner frames as suppressed were seemingly part of his court record all along, there is no basis to believe that they couldn't have been discovered with basic diligence.

[11] Petitioner also attempts to relitigate the *Brady* claims he raised in his first habeas regarding Hendrick's testimony, which were dismissed as procedurally defaulted. Although Mr. Edwards tries to invoke *Martinez v. Ryan* for a second time, arguing that appellate counsel failed to raise his *Brady* claims, the Report and Recommendation plainly explains that *Martinez* does not apply to procedurally defaulted claims of ineffective assistance of appellate counsel. 566 U.S. 1, 9 (2012); *Davila v. Davis,* 582 U.S. 521, 529 (2017) (declining to extend *Martinez* to defaulted claims of ineffective assistance of appellate counsel); *Greene v. Superintendent Smithfield SCI*, 882 F.3d 443, 450 (3d Cir. 2018). The same still applies.

[12] Even if I consider Petitioner's motion to be a true 60(b) motion, it still must be dismissed. Petitioner fails to set forth "newly discovered evidence that could not have been discovered with reasonable diligence in time to move for a new trial under Rule 59(b)." Even if Petitioner did not personally view the records until recently, he does not adequately plead their prior unavailability or suppression.

Even if these records were suppressed, which the record does not support, they are immaterial to the underlying conviction. Petitioner argues that the records would undermine the credibility of eyewitness Stanton. First, he contends that the Order to Show Cause and draft order mandating Stanton's confinement prior to trial show that Stanton was threatened by the prosecution to provide favorable testimony. But such confinement is a standard tool available to prosecutors able to show justifiable concern about a witness' cooperation, especially in a murder case. Petitioner next references the Affidavit, noting that Stanton said it was his brother, and not him, who witnessed the murder. But the very next sentence in the document explains that the Commonwealth confirmed that Stanton's brother was incarcerated in Georgia at the time of the murder, making it impossible for him to have been a witness. Trial counsel would certainly have avoided such futile cross-examination. Finally, Petitioner briefly argues that the excerpt detailing

**IV.     Conclusion**

For the reasons set forth above, Petitioner's Motion will be denied without a certificate of appealability for this ruling. Petitioner must first seek authorization from the Third Circuit before presenting new habeas claims here. 28 U.S.C. § 2244(b)(3)(A). An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge

---

Petitioner's prior attack on Stanton is evidence that Stanton was bribed to testify against him. But no facts are alleged suggesting police misconduct. Moreover, Stanton was extensively cross-examined at trial, providing an opportunity for such aspersions to come to light. I separately conclude that even if this Court had jurisdiction to consider Mr. Edwards' 60(b)(2) motion on the merits, it would fail.